UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ABELARDO LOPEZ,<br><br>        Petitioner,<br><br>  v.<br><br>ON HABEAS CORPUS,<br><br>        Respondent.<br>_____/ | 1:11-CV-00437 SMS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORMS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant petition for writ of habeas corpus in the Ninth Circuit Court of Appeals on December 30, 2010. The Ninth Circuit forwarded the petition to this Court on the same date. Petitioner challenges his May 23, 2003, conviction in Tulare County Superior Court for first degree murder.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to Name a Proper Respondent

Petitioner has failed to name a respondent in this case.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by filing an amended petition. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

C.   Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules

U.S. District Court
E. D. California        cd                                                2

Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is completely deficient. Petitioner fails to specify any discernable ground for relief. The petition is comprised of one long narration of events interspersed with countless conclusory allegations of error. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'"). In order to present a reviewable petition, Petitioner must identify each ground for relief, and he must support each specified ground for relief with a short statement of facts. Petitioner is advised that he can best help himself by completing the form petition that will be provided by the Clerk of Court.

D.  Failure to Exhaust State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

1  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state
2  court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest
3  state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v.
4  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

5       In reviewing the petition, the Court cannot make out any grounds for relief, let alone
6  determine whether he has exhausted any claims in the state courts.  It appears he has appealed to the
7  California Court of Appeals, Fifth Appellate District, and it appears he has presented a habeas
8  petition to the Tulare County Superior Court.  Beyond this, the Court cannot determine if Petitioner
9  has sought relief in the California Supreme Court and what claims he has presented.

10       The instant petition will be dismissed; however, Petitioner will be provided with an
11  opportunity to file an amended petition and include his exhausted claims, if any.  Petitioner should
12  provide the Court with copies of any petitions filed in the California Supreme Court, and the rulings
13  thereon.

14  **ORDER**

15       Accordingly, IT IS HEREBY ORDERED:

16       1) The petition for writ of habeas corpus is DISMISSED with leave to amend for failure to
17  name a proper respondent, failure to state a claim cognizable under 28 U.S.C. § 2254, and failure to
18  exhaust state remedies;

19       2) Petitioner is GRANTED thirty (30) days from the date of service of this Order to file an
20  amended petition.  The amended petition should be titled "First Amended Petition" and should
21  reference the instant case number;

22       3) The Clerk of Court is DIRECTED to send Petitioner a blank habeas corpus petition.
23       Petitioner is advised that failure to comply with this Order will result in dismissal of the
24  action.
25  IT IS SO ORDERED.
26  **Dated:   April 6, 2011**　　　　　　　　　　　　/s/ Sandra M. Snyder
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
27
28