UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ABELARDO LOPEZ, | 1:11-CV-00437 SMS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | ORDER GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION |
| ON HABEAS CORPUS, | |
| | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORMS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

Petitioner initially filed his petition for writ of habeas corpus in the Ninth Circuit Court of Appeals on December 30, 2010. It was ordered transferred to this Court on March 15, 2011.

Following an initial review of the petition, the Court determined that Petitioner had failed to present discernable claims for relief. In addition, he failed to name a proper respondent or demonstrate exhaustion of his state remedies. Therefore, on April 7, 2011, the undersigned dismissed the petition and granted leave to Petitioner to file a first amended petition. He was advised that he must name a proper respondent, state discernable claims, and show exhaustion of state remedies. On May 11, 2011, he filed the instant First Amended Petition.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  Failure to State a Cognizable Claim

The instant petition challenges Petitioner's conviction by jury trial on June 20, 2007, in Tulare County Superior Court of murder in the first degree.  Petitioner presents the following four claims for relief: 1) "Ineffective assistance of counsel at trial - hearsay"; 2) "Governmental officials failure to preserve vital evidence (forensic)"; 3) "Prosecution mis-conduct and the use of hearsay testimonies to convict"; and 4) "Misleading of jury at trial."  All four claims as presented are meritless on their face.

1.  Ground One

Petitioner first claims his trial counsel was ineffective.  He alleges counsel failed to properly investigate; he claims his defense advice was poorly given; and he contends mitigating evidence was not properly investigated and introduced.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684 (1984). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court.  First, Petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, Petitioner must show that the deficient performance prejudiced the defense, that is, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." Id. at 687, 694.  Defense counsel has a "duty to make

reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691.

The instant claim is completely conclusory. Petitioner makes several allegations of ineffective assistance, but he fails to support those allegations with any factual specifics. He presents his own version of the timeline of events and vaguely asserts that counsel should have investigated further in order to support this timeline. However, Petitioner does not state what additional evidence would have been uncovered, or what counsel missed by failing to investigate. He claims mitigating evidence was not properly investigated and introduced, but he does not specify the mitigating evidence or how it would have altered the outcome of the trial. Petitioner also claims his "defense was poorly given" but again he does not state why or how. His claims are speculative and conclusory. He fails to demonstrate error on the part of counsel or prejudice resulting therefrom. The claim must be denied.

### 2. Ground Two

Petitioner next claims that governmental officials failed to preserve vital forensic evidence. He states a liver temperature test was not presented as evidence to establish the time of death. He claims such a test would have exonerated him because it would have shown he could not have committed the murder since he had various alibis.

This claim is also completely without foundation. Petitioner only speculates that a liver temperature test could have established a time of death, and then speculates further that the time of death could have been congruent to his own timeline of events. However, it is entirely unknown whether such a test could have been conducted and what it would have revealed, let alone that it would establish Petitioner could not have committed the murder.

### 3. Ground Three

Petitioner alleges the prosecutor committed misconduct by using hearsay testimony to convict Petitioner. He contends the prosecutor knowingly introduced the statement of the victim's aunt regarding a telephone call received by the victim while she was with her aunt. Petitioner claims this was error because the telephone call records were never introduced to show such a call was in fact made.

The knowing use of false or perjured testimony against a defendant to obtain a conviction is unconstitutional. Napue v. Illinois, 360 U.S. 264 (1959). However, Petitioner fails to demonstrate that the aunt's testimony was false, and if it was false, that the prosecutor knew it to be false and introduced it nonetheless. Petitioner only speculates that the testimony was false, and he hypothecates that the telephone call records could have proven it. Whether or not the telephone records existed, it was entirely within defense counsel's ability to investigate the records and use them to impeach the witness. Again however, this is complete conjecture. It is not known whether the records existed or what they would have revealed. In any case, Petitioner fails to demonstrate the knowing use of false or perjured testimony by the prosecutor. The claim must be rejected.

### 4. Ground Four

Finally, Petitioner claims the jury was misled at trial. He states that many unanswered questions were not investigated. He posits that DNA evidence could have been planted by someone, and he presents additional alibis and theories of defense. Again, his claim is complete hypothecation. He makes numerous speculative allegations, but he completely fails to demonstrate a violation of his constitutional rights.

### 5. Conclusion

In sum, Petitioner's claims are entirely speculative and are generally based on a disagreement with the state of the evidence. He fails to demonstrate the violation of any of his constitutional rights. He does not show how the state court rejection of any of his claims was contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). For these reasons, habeas relief is unavailable.

## C.   Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The First Amended Petition is DISMISSED WITH PREJUDICE for failure to state a cognizable claim for relief;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

1      3) The Court DECLINES to issue a certificate of appealability.

2  IT IS SO ORDERED.

3  **Dated:     May 17, 2011**                              **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE